## In re AGO CONST. CO., Inc.

District Court, M. D. North Carolina. May 4, 1928.

### No. 73.

Bankruptcy ⬤➡60—Naming of receiver, with requirement for $10,000 bond, held insufficient to constitute "appointment of receiver," constituting act of bankruptcy (Bankr. Act, § 3, as amended by Act May 27, 1926, § 3 [11 USCA § 21]).

Naming of a receiver by superior court judge, who required him to execute a $10,000 bond before entering upon his duties as receiver, *held*, insufficient to constitute "appointment of receiver," within meaning of Bankruptcy Act, § 3, as amended by Act May 27, 1926, § 3 (11 USCA § 21), so as to constitute an act of bankruptcy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Appoint—Appointment.]

In Bankruptcy. In the matter of the Ago Construction Company, Inc., alleged bankrupt, wherein an involuntary petition was filed and adjudication had by default. On motion to vacate the adjudication, after it was made to appear that defendant's officer on whom the subpœna was served was the husband of one of the petitioning creditors. Petition dismissed.

J. A. Spence, of Asheboro, N. C., for petitioning creditors.

W. A. Cochran, of Troy, N. C., for respondent.

Claude N. Sapp, of Chester, S. C., for other creditors.

HAYES, District Judge. After hearing the evidence, the court finds as a fact that Judge James L. Webb signed an order in a case pending in the superior court of Montgomery county, North Carolina, entitled E. J. Ingram v. Ago Construction Company, Inc., appointing W. A. Cochran receiver of the company, upon his giving bond in the sum of $10,000; but he declined to give the bond and to accept the appointment as such receiver, and no receiver has been appointed who has qualified. The property is in the custody and under the management of the Ago Construction Company, Inc.

The court is of the opinion, and so holds, that the naming of a receiver by a superior court judge, who requires him to execute a bond in the sum of $10,000 before entering upon his duties as receiver, is not sufficient to constitute the appointment of a receiver, within the meaning of Bankruptcy Act, § 3 (amendment of 1926. [11 USCA § 21]), so as to constitute an act of bankruptcy. Since there is no act of bankruptcy alleged, except the appointment of the receiver under the circumstances above shown, the petition must be dismissed.

It is therefore ordered, adjudged, and decreed that the petition of Mrs. Bernice S. Ingram et al. against the respondent be dismissed, and that the petitioners be taxed with the costs.